**PETROLEUM SALES, INC.,**
Plaintiff–Appellant

v.

**VALERO REFINING COMPANY—California and Valero Marketing and Supply Company, Defendants–Appellees.**

Nos. 07–15089, 07–16881.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 23, 2008.

Filed Dec. 24, 2008.

A. Charles Dell'Ario, Esquire, Dell'Ario & Leboeuf, PC, Oakland, CA, for Plaintiff–Appellant.

Robert C. Phelps, Esquire, Pillsbury Winthrop Shaw Pittman LLP, San Francisco, CA, for Defendants–Appellees.

Before: ROTH *, BYBEE and BEA, Circuit Judges.

## MEMORANDUM **

This case involves a contract dispute between Petroleum Sales, Inc. (PSI) and Valero Refining Company. PSI sued Valero for breach of contract, price discrimination in violation of the Robinson–Patman Act and California Business and Professions Code (CBPC) § 21200, and unfair competition in violation of the CBPC § 17200. The district court granted summary judgment for Valero and awarded attorneys' fees to Valero. For the reasons that follow, we AFFIRM the judgment of the district court.

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

## I.

PSI first argues that the district court erred in granting summary judgment on its contract claim. PSI contends that a provision in its contract with Valero permitting Valero to withhold Facilities Allowance payments is unconscionable. Under California law, a contract or clause is unenforceable if it is both procedurally and substantively unconscionable. *See Armendariz v. Found. Health Psychcare Servs., Inc.,* 24 Cal.4th 83, 114, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000). The procedural prong focuses on oppression due to unequal bargaining power; the substantive prong focuses on overly harsh results. *Discover Bank v. Superior Court,* 36 Cal.4th 148, 160, 30 Cal.Rptr.3d 76, 113 P.3d 1100 (2005) (citation omitted). The parties' contract was neither procedurally nor substantively unconscionable because it was negotiated by counsel for both parties, PSI had the reasonable market option of remaining a franchisee or dealing with another gas company, and PSI had the right to terminate if Valero breached.

PSI next contends that the district court erred in granting summary judgment on its price discrimination claims. The federal price discrimination claim—Robinson–Patman Act, 15 U.S.C. § 13(a)—fails because no evidence exists that the gasoline moved in interstate commerce. *See Zoslaw v. MCA Distr. Corp.,* 693 F.2d 870, 877–78 (9th Cir.1982) (noting that a good or product must cross a state line to satisfy the "in commerce" requirement under this Act); *see also William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.* 668 F.2d 1014, 1043–45 (9th Cir.1981). PSI's state claim—

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

CBPC § 21200—fails because PSI had a functionally available alternative. *See Shreve Equip., Inc. v. Clay Equip. Corp.*, 650 F.2d 101, 105–06 (6th Cir.1981). To take advantage of the Facilities Allowance, PSI simply had to comply with a different contractual provision.

PSI also argues that the district court erred in granting summary judgment on its unfair competition claim under CBPC § 17200. This statute prohibits "unlawful, unfair or fraudulent business act or practice." Because PSI's unfair competition claim was predicated only on a claim that Valero unlawfully engaged in price discrimination—and not on a claim that Valero engaged in "unfair" competition—PSI's CBPC § 17200 claim also fails.

■ PSI contends that the district court also erred in excluding evidence that PSI had submitted with its motion opposing summary judgment. We review the district court's exclusion of evidence in a summary judgment motion for an abuse of discretion. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir.2002). We affirm the district court unless its evidentiary ruling was manifestly erroneous and prejudicial. *Id.* We cannot say that the district court abused its discretion because none of its rulings prejudiced PSI. Indeed, most of PSI's proposed evidence was irrelevant for its claims.

■ PSI finally contends that the district court erred in its assessment of attorneys' fees for Valero. We review an award of attorneys' fees for an abuse of discretion. *See Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir.2000). The district court must use its discretion to determine a reasonable hourly rate that is "in line with those prevailing in the com-

munity for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The district court did not abuse its discretion in determining attorneys' fees because it determined a reasonable award based on a 2006 survey of legal rates charged by thirty-three large law firms in San Francisco and copies of bills actually paid by Valero.

AFFIRMED.